◼ In the Matter of the Claim of CARMELLO RIZZIO, Respondent, against LIBERTY DRESSING COMPANY, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Employer and carrier appeal from a posthumous award for disability from June 20, 1952 until the date of the employee's death on February 27, 1953, and for death benefits. The original accident is not disputed — only the causally related consequences are questioned on this appeal. On March 8, 1952, decedent, at work at a machine, slipped, was thrown forward, and, apparently by accident, was caught by his knees hooked over a shift lever. He remained suspended, head downward, about five feet above the floor, for a short time until he was able to extricate himself. He immediately felt pain in his back and under his right knee. The record discloses that decedent appeared to be in good health and was a steady worker. At first his condition was medically diagnosed as a ruptured vertebral disc. Myeolograms were negative. It finally developed that decedent was suffering from amyotrophic lateral sclerosis, a very rare disease for which neither the cause nor cure is known. The disease attacks the spinal cord and nervous system. Even decedent was unaware of the presence of any disease prior to the accident. Upon the undisputed history of the accident a doctor would be permitted to infer that decedent's neck was snapped. That, added to the facts of decedent's good health prior to the accident, his almost immediate illness thereafter, supports unequivocal medical opinion. The record contains such unequivocal medical opinion, based on both history and extensive examination, that the accident aggravated the pre-existing disease, and was a contributing factor to the death. Award affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.

◼ In the Matter of the Claim of MARY SCZESNY, Respondent, against BIALECKY BROS. INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and its carrier from a decision and award of the Workmen's Compensation Board for death benefits. The issue is as to a finding of partial dependency. Decedent lived with his mother. The board has found that he gave her $20 per week for nine years prior to his death and paid the rent and electric and gas bills; that social security payments of $105.20 per month were received for her and her husband who was ill and had not worked for two years. There was no evidence of other income and there was some evidence that the condition of the mother's health required regular expenditures for medical services. Appellants contend that claimant failed to show that her son's contributions were necessary and assert that the payments by the son from his small wage " mathematically would be next to the impossible " when his other expenses are considered. The fact and necessity of the contributions were questions of fact which were resolved upon substantial evidence. The credibility of the witnesses was for the board and upon this record we are unable to say that their testimony was incredible as a matter of law. Decision and award affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.